**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**JESSE WILLIAM PITTMAN**                                                          **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 3:25-CV-P758-JHM**

**BRUCE STEARNS**                                                                  **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Jesse William Pittman, a pretrial detainee proceeding *pro se*, initiated this 42 U.S.C. § 1983 action.  The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the following reasons, this action will be dismissed.

**I. STATEMENT OF CLAIMS**

Plaintiff, a pretrial detainee at the Pulaski County Detention Center (PCDC), sues Defendant Bruce Stearns, the Jailer at the Clinton County Jail, in his official capacity.[1]  He alleges that Defendant Stearns violated his rights "on September 14, 2025, and thereafter" when he transferred Plaintiff from Clinton County to Pulaski County and that he is responsible in his official capacity for all the Pulaski County Defendants' violations of the ADA.  Plaintiff also alleges that Defendant Stearns violated his rights by not reporting to the "proper authorities" the "discrimination" Plaintiff suffered "when my wife wrote written statements that she had lied to get warrants on me to the Clinton County District Prosecuting and Circuit Attornies[.]"  He further

---

[1] Other Defendants and claims contained in his complaint have been severed from this case.  Those claims concerned Plaintiff having been denied medicated-assisted treatment medication (M.A.T.) in violation of the Americans with Disabilities Act (ADA) at the PCDC and the denial of his requests to be returned to Clinton County Jail and to contact legal help.  Plaintiff also made allegations against 3C Correctional Care employee Chris Collett at PCDC for violating his rights by refusing to give him his M.A.T. medication.

alleges that Defendant Stearns violated his rights by not having a nurse or qualified medical worker at the Clinton County Jail.  He asserts that having qualified personnel "could have prevented any of the rights violations I was having in Pulaski by having a competent employee to verify I was prescribed the medication I had in my system upon coming to PCDC[.]"

Plaintiff requests compensatory and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1) and (2).  When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

2

**A. Capacity**

Plaintiff sues Defendant Stearns in his official capacity only.  "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  As such, Plaintiff's official capacity claim against Defendant Stearns is actually against his employer, Clinton County.

When a § 1983 claim is made against a county or municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  A municipality or county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation.  *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).  Here, Plaintiff does not allege that his constitutional rights were violated due to a custom or policy of Clinton County but rather alleges an isolated incident affecting him only.  Thus, his claims against Defendant Stearns must be dismissed for failure to state a claim upon which relief may be granted.

"Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), and leave to amend should be denied if the amendment would be futile."  *Bishawi v. Ne.*

*Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014).  Here, the Court finds that allowing Plaintiff to amend to sue Defendant Stearns in his individual capacity would be futile as set forth below.

### B. *Respondeat Superior*

Plaintiff alleges that Defendant Stearns is responsible for the now-severed Defendants' violations of his ADA rights.  Defendant Stearns, as the Clinton County Jailer, would have no authority over Pulaski County employees or medical providers at the PCDC.  Regardless, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors.  *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability."  *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005).  There is no *respondeat superior* liability where the plaintiff alleges only that the defendant merely failed to act or control employees.  *Shorts v. Bartholomew*, 255 F. App'x 46, 53 (6th Cir. 2007); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998).  Amendment of this claim would be futile.

### C. Transfer

Plaintiff alleges that Defendant Stearns transferred him to Pulaski County.  Allowing amendment to sue Defendant Stearns in his individual capacity on this claim would be futile because Plaintiff has no constitutional right to be incarcerated in a particular prison or jail.  *See Meadows v. Sutula*, No. 1:18 CV 2432, 2019 WL 1226835, at *3 (N.D. Ohio Mar. 14, 2019); *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Sherman v. Washington Cnty. Det. Ctr.*, No. 2:16-CV-27-TWP-MCLC, 2018 WL 1405279, at *3 (E.D. Tenn. Mar. 20, 2018) (pretrial detainee has no constitutional right or liberty interest in being housed in any particular facility).

**D. False Statements**

Finally, Plaintiff offers no reason that Defendant Stearns should have "reported to the proper authorities" that Plaintiff's wife allegedly made false statements "to get warrants" on Plaintiff before the grand jury hearing. As Jailer, Defendant Stearns' role is to administer the county jail, not to prosecute criminal cases. It would, thus, be futile to allow amendment of this implausible claim.

**III. CONCLUSION**

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date:    April 16, 2026

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge

United States District Court

cc:    Plaintiff, *pro se*
4414.009